UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jesus Miguel Matos,<br>                *Defendant.* | 18 Cr. 327 (JPO) |

**Order Re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Jesus Miguel Matos ("Petitioner") has moved for relief from his conviction pursuant to 28 U.S.C. §2255 on the ground of ineffective assistance of counsel, among other grounds; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former trial counsel, Antony Ricco and Christine Delince, Esqs. (together, "Counsel"), will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

2024.08.01

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and

IT IS FURTHER ORDERED that Petitioner execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 60 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated:   New York, New York August 21, 2025

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jesus Miguel Matos,
                *Defendant.*

18 Cr. 327 (JPO)

**Attorney-Client Privilege Waiver (Informed Consent)**

To:    Jesus Miguel Matos ("Petitioner")

      You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction and sentence set aside on the grounds of, among other things, that you received ineffective assistance from your former lawyers, presumably Anthony Ricco and/or Christine Delince, Esqs. (referred to in this form as "your former attorney(s)"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from your former attorney(s) in order to evaluate your motion.

      By making this motion, you have waived the attorney-client privilege you had with your former attorney(s) to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney(s) a secret—you must allow them to be disclosed to the Government and to the Court pursuant to the Court's Order. The Court has already issued an Order (copy attached) directing your former attorney(s) to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

      Specifically, if you wish to proceed with your motion to set aside your conviction on the basis (among others) that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney(s) to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      You should know that if you sign this authorization, you run the risk that your former attorney(s) will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorney(s) to give an affidavit in response to the Court's attached Order.

      You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former attorney(s) to give testimony. If the Court does

2024.08.01

not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

## NOTARIZED AUTHORIZATION

      I have read the Court's Order dated August __, 2025, and this document headed Attorney-Client Privilege Waiver (Informed Consent).  I hereby authorize my former attorney(s), Anthony Ricco and/or Christine Delince, Esqs., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel.  This authorization allows my former attorney(s) to testify only pursuant to the Court's Order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Date: _____

Petitioner's Signature: _____

Petition's Printed Name: __Jesus Miguel Matos_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**